UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— x

UNITED STATES FIDELITY AND GUARANTY
COMPANY,                                                    Case No.: 14 Civ. 2855(GBD) (KNF)

                              Plaintiff,

              - against -

ROBERT A. PERRO AND HOWARD S. KRANT,

                              Defendants.
_____x


# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT HOWARD S. KRANT


Kurzman Eisenberg Corbin & Lever LLP
One North Broadway, 10th Floor
White Plains, New York  10601
(914) 285-9800

# TABLE OF CONTENTS

Table of Authorities............................................................................. ii

Preliminary Statement........................................................................ 1

Allegations of the Complaint.............................................................. 1

Argument............................................................................................ 3

**POINT I**

    **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
CLAIMS I THROUGH V FOR CONTRACTUAL INDEMNIFICATION
FOR LIABILITY AND/OR LOSS, COMMON LAW INDEMNIFICATION,
SPECIFIC PERFORMANCE OF PLAINTIFF'S DEMAND FOR
COLLATERAL ESTOPPEL, EXONERATION AND QUIA TIMET**.......... 3

    A.  The First Claim for Contractual Indemnification for Liability and/or
Loss and the Fourth Claim for Common Law Indemnification are not
Ripe....................................................................................................4

    B.  The Second Claim for Specific Performance of Plaintiff's Demand for
Collateral Security is not Ripe...................................................... 9

    C.  The Third Claim for Exoneration is not Ripe...................................... 11

    D.  The Fifth Claim for Quia Timet is not Ripe....................................... 12

**POINT II**

    **ALTERNATIVELY, PLAINTIFF FAILS TO STATE CLAIMS UPON
WHICH RELIEF MAY BE GRANTED FOR CONTRACTUAL
INDEMNIFICATION FOR LIABILITY AND/OR LOSS, COMMON
LAW INDEMNIFICATION, SPECIFIC PERFORMANCE OF ITS
DEMAND FOR COLLATERAL SECURITY, EXONERATION AND
QUIA TIMET**................................................................................. 13

    A.  Plaintiff Fails to State Claims for Contractual Indemnification for Liability
and/or Loss and Common Law Indemnification.................................... 15

    B.  Plaintiff Fails to State a Claim for Specific Performance of its Demand for
Collateral Security........................................................................ 16

    C.  Plaintiff Fails to State Claims for Exoneration and Quia Timet.................. 18

CONCLUSION................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

***<u>Federal Cases</u>***                                                                                                    ***<u>Page</u>***

<u>APWU v. Potter</u>, 343 F.3d 619, 623 (2d Cir. 2003)……………………………………   11

<u>Armored Grp., LLC v. Homeland Sec. Strategies, Inc.</u>, 07 CV 9694, 2009
    WL 1110783 (S.D.N.Y. Apr. 21, 2009)……………………………………...........   4

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)…………..…………   13
    556 U.S. at 678, 129 S.Ct. at 1949……………………………………………   16

<u>ATSI Communs., Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007)……………   16

<u>Augoustinakis v. United States I.N.S.</u>, 693 F.Supp. 1554, 1557 (S.D.N.Y.1988)…………   6

<u>Bell Atl. Corp. v. Twombly</u>,
    550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)……………………………..….   14,18

<u>Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA</u>,
    934 F.2d 30, 32-33 (2d Cir. 1991)………………………………………..…………   11,18
    934 F.2d at 32 (2d Cir. 1991)……………………………………………………   12

<u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002)……………………   14

<u>Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch</u>,
    <u>Pierce, Fenner & Smith Inc.</u>, 188 F.3d 31, 34 (2d Cir. 1999)……………...........   16

<u>Convergent Wealth Advisors LLC v. Lydian Holding Co.</u>,
    No. 12 Civ. 1199, 12 WL 2148221 (S.D.N.Y. June 13, 2012)……………...…….   3

<u>Chicago Title & Trust Co. v. Fox Theatres Corp.</u>,
    91 F.2d 907, 910 (2d Cir. 1937)……………………………………………...…   11

<u>EZ Tag Corp. v. Casio Am., Inc.</u>, 861 F. Supp.2d 181, 185 (S.D.N.Y. 2012)………….   5
    861 F.Supp.2d at 185………………………………………………………   15

<u>Faulkner v. Verizon Commc'n, Inc.</u>, 156 F. Supp.2d 384, 391 (S.D.N.Y. 2001)………..   14

<u>Filner v. Shapiro</u>, 633 F.2d 139, 142 (2d Cir. 1980)…………………………………....   11

<u>Guadagno v. Wallack Ader Levithan Assocs.</u>, 932 F.
    Supp. 94, 95 (S.D.N.Y. 1996)……………………………………………………   4

<u>Hammond v. Toy Indus. Ass'n, Inc.</u>, 11 CIV. 3179, 2014
    WL 1266308 (S.D.N.Y. Mar. 28, 2014)……………………………………………   4

Harris v. Rivera, 921 F. Supp. 1058, 1062 (S.D.N.Y. 1995)................................ 5
  921 F.Supp at 1062................................................................... 15

Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010)............................ 13

IntelliSec v. Firecom, Inc., No. 00 Civ. 3557, 2001
  WL 218940, at *12 (E.D.N.Y. Feb.1, 2001)........................................ 5

Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)..................................... 13

LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.,
  424 F.3d 195, 206 (2d Cir. 2005)...................................................... 9

Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,
  507 U.S. 163, 168, 113 S.Ct. 1160 (1993)............................................ 14

Madeira v. Affordable Hous. Found., Inc., 323 F. App'x 89, 91 (2d Cir. 2009).......... 5
  323 F. App'x at 91................................................................... 15

Marakova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000)....................................... 3
  201 F.3d 113 (2d Cir. 2000)........................................................ 4

Mathis v. United Homes, LLC, 607 F.Supp.2d 411, 434 (E.D.N.Y. 2009)................. 5

Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.,
  418 F.3d 168, 179-80 (2d Cir. 2005).................................................. 15

Mosdos Chofetz Claim, Inc. v. Village of Wesley Hills,
  701 F.Supp.2d 568, 580-81 (S.D.N.Y.2010)........................................ 11
  701 F.Supp.2d at 580-81............................................................ 13

Nw. Nat. Ins. Co. of Milwaukee, Wisconsin v. Alberts,
  741 F. Supp. 424, 430-31 (S.D.N.Y. 1990) order vacated in
  part, appeal dismissed in part, 937 F.2d 77 (2d Cir. 1991)........................ 12
  741 F.Supp. at 430-31.............................................................. 18

Plantronics, Inc. v. United States, 88 CIV. 1892, 1990 WL
  3202 at *1 (S.D.N.Y. Jan. 9, 1990)................................................... 6

Travelers Cas. & Sur. Co. v. Dormitory Auth. of State of N.Y.,
  735 F.Supp.2d 42, 83 (S.D.N.Y. 2010)............................................... 9
  735 F.Supp.2d at 74................................................................. 10
  735 F. Supp. at 56.................................................................. 10

Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257, (1998...................... 3

United States Fidelity and Guaranty Co. v. Braspetro Oil Servs. Co.,

369 F.3d 34, 51 (2d Cir. 2004)…………………………………………………...   16

Yung v. Lee, 432 F.3d 142, 146-47 (2d Cir. 2005)…………………………………   14

United States v. Westchester Fire Ins. Co., 478 F.2d 133,
    136-37 (2d Cir. 1973)……………………………………………………..   8

Winn v. Schafer, 499 F. Supp. 2d 390, 394 (S.D.N.Y. 2007)………………...............   4


## State Cases

Garvey v. U.S. Fidelity and Guaranty Co., 77 A.D. 391, 395, 79
    N.Y.S. 337, 339 (1st Dept. 1902)……………………………………..…...   7

In re Reid, 94 A.D.3d 1004, 1005-1006, 942 N.Y.S.2d 176,
    177-78 (2d Dept. 2012)………………………………………………..…....   7

Mars Assocs., Inc. v. New York City Educ. Constr. Fund, 126
    A.D.2d 178, 191, 513 N.Y.S.2d 125, 133 (1st Dept. 1987)……………………   5

Matter of Zipser, 270 A.D.2d 279, 280, 704 N.Y.S.2d 277 (2d Dept. 2000)………….   7

McCabe v. Queensboro- Farm Prods., Inc., 22 N.Y.2d 204, 208,
292 N.Y.S.2d 400, 402-03 (1968)……………………………………………   5

McDermott v. City of New York, 50 N.Y.2d 211, 216, 428
    N.Y.S.2d 460, 646 (1980)………………………………………………....   15

MHR Capital Partners LP v. Presstek, Inc., 12 N.Y.3d 640, 645,
    884 N.Y.S.2d 211 (2009)……………………………………………………   10

Newton v. Otselic Valley Nat. Bank, 224 A.D. 527, 528, 231
    N.Y.S. 526, 528 (3d Dept. 1928)……………………………………………   12,18

Walter Concrete Constr. Corp. v. Lederle Labs., 99 N.Y.2d 603,
    605, 758 N.Y.S.2d 260 (2003)………………………………………...   9


## Miscellaneous

Surrogate's Court Procedure Act Section 809………………………………………   7,8

Wright and Miller, 5A Fed. Prac. & Proc. Civ., §1303……………………………...   17

## Preliminary Statement

Defendant, Howard S. Krant, submits this Memorandum of Law in support of his motion to dismiss the Complaint.

The Complaint purports to allege claims arising from Plaintiff's issuance of a surety bond in August 2001 to the Defendants in their capacities as the co-preliminary executors of the Estate of Nellie G. Fishman (the "Estate"). In Counts I through V of the Complaint, Plaintiff seeks contractual indemnification for liability and/or loss, common law indemnification, specific performance of its demand for collateral security and relief under the equitable doctrines of exoneration and quia timet. However, the foregoing claims should be dismissed for lack of subject matter jurisdiction under Federal Rule 12(b)(1) since the Complaint contains nothing more than vague and conclusory allegations of the assertion of "claims" against the Plaintiff in connection with the Surrogate's Court accounting proceeding which is currently pending in Bronx County, and fails to allege that any liability on the executors' surety bond issued by USF&G has been found against either the Defendants or the Plaintiff. Alternatively, these claims should be dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rule 12(b)(6).

## The Allegations of the Complaint

The allegations of the Complaint (the "Complaint"), which for purposes of this motion to dismiss are deemed to be true, are as follows. Plaintiff, United States Fidelity and Guaranty Company ("USF&G") is a surety company organized and existing under the laws of the State of Connecticut. Following Robert A. Perro's ("Perro") and Howard S. Krant's ("Krant") appointment as co-preliminary executors of the Estate by order of the Bronx Surrogate's Court, dated February 2, 2001, USF&G issued an executors' surety bond in the sum of one million

dollars on behalf of the Defendants, as principals, and in favor of the People of the State of New York (the "Bond"). (Ex. "A" at ¶¶7,10).

In consideration for the issuance of the Bond, Perro and Krant executed and delivered a "New York Court - Fiduciary - Judicial Proceeding Bond Report Form - Application" (the "Application") on August 6, 2001. (Ex. "A" at ¶10).[1]

The Application provides, in pertinent part, that the Defendants, as applicants, agreed:

> **To Indemnify** and save the Company harmless from any and all liabilities, loss, costs, charges, suits, damages, counsel fees, and expenses of whatever kind or nature, which it shall or may for any cause, at any time, sustain or incur, or be put to, by reason or in consequence of its having executed said bond....
>
> **If Claim is Made against the Company** on the bond herein applied for, the Company shall have the right to employ its representative to investigate the claim, and to charge all expenses of such investigation to the undersigned. The undersigned agrees, upon demand, to place the Company in funds to meet the claim, including fees and expenses, before the Company shall be required to make payment. ....

Ex. "B" at p.2   (bold typeface in original)

Plaintiff's Complaint as to Defendant Krant presumably arises from the Supplemental Citation issued by the Surrogate's Court to the Plaintiff, pursuant to SCPA 2210(2), as a necessary party to the proceeding seeking judicial settlement of the accounting of former co-preliminary executors, Krant and Perro (the "Accounting Proceeding") (Ex. "A" at ¶¶15-17). Plaintiff alleges that "[i]n conjunction with the aforesaid citation, claims have been asserted against USF&G to the effect that it has been called upon to participate in resolving and discharging obligations undertaken by the principals and surety under the bond." (Ex. "A" at ¶18). Plaintiff further alleges that "[a]s a result of having received citations in the Probate Matter

---

[1] The Application, which was annexed as Exhibit "A" to the Complaint, is also annexed as Exhibit "B" to the accompanying Declaration of Michael H. Friedman, dated June 24, 2014 (the "Friedman Declaration").

2

[i.e., the Accounting Proceeding], [it] has incurred unreimbursed costs, expenses, attorneys' fees and or disbursements to defend against and otherwise participate in the Probate Matter [i.e., the Accounting Proceeding] (id. at ¶19) and that it "expects to incur additional losses, costs and expenses as the result of having issued the Bond and enforcing the agreements contained in the Application". (Id. at ¶20).

By letter, dated February 21, 2014, Plaintiff advised the Defendants of its demand for collateral security in the sum of one million dollars and for indemnification (Id. at ¶21). A copy of that letter is annexed to the Friedman Declaration as Exhibit "C." The Complaint further alleges that Defendants have "refused" to deposit collateral security with Plaintiff or otherwise indemnify Plaintiff. (Ex. "A" at ¶22).

## ARGUMENT

## POINT I

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CLAIMS I THROUGH V FOR CONTRACTUAL INDEMNIFICATION FOR LIABILITY AND/OR LOSS, COMMON LAW INDEMNIFICATION, SPECIFIC PERFORMANCE OF PLAINTIFF'S DEMAND FOR COLLATERAL ESTOPPEL, EXONERATION AND QUIA TIMET

It is well settled that a case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. See Marakova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). The ripeness doctrine "'prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur." Convergent Wealth Advisors LLC v. Lydian Holding Co., No. 12 Civ. 1199, 12 WL 2148221 (S.D.N.Y. June 13, 2012). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States,

523 U.S. 296, 300, 118 S.Ct. 1257 (1998) (citation omitted); Armored Grp., LLC v. Homeland Sec. Strategies, Inc., 07 CV 9694, 2009 WL 1110783 (S.D.N.Y. Apr. 21, 2009) (dismissing claim for indemnification where complaint failed to allege entry of judgment against Plaintiff or payment of sums by plaintiff to a third-party).

Since a court cannot act if it lacks subject matter jurisdiction, it must decide a Rule 12(b)(1) motion prior to considering any other basis for dismissal. See Winn v. Schafer, 499 F. Supp. 2d 390, 394 (S.D.N.Y. 2007). In reviewing a motion to dismiss under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint. However, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations." Guadagno v. Wallack Ader Levithan Assocs., 932 F. Supp. 94, 95 (S.D.N.Y. 1996), and the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue. Marakova, 201 F.3d at 113. The burden is on the plaintiff to prove by a preponderance of the evidence that subject matter jurisdiction exists. Id. As discussed below, Plaintiff cannot meet that burden.

## A. The First Claim for Contractual Indemnification for Liability and/or Loss and the Fourth Claim for Common Law Indemnification are not Ripe

It is well settled under New York law[2] that a claim for indemnification for loss does not arise until the underlying liability has been established and payment has been made to the injured party. See Harris v. Rivera, 921 F. Supp. 1058, 1062 (S.D.N.Y. 1995); Hammond v. Toy Indus. Ass'n, Inc., 11 CIV. 3179, 2014 WL 1266308 (S.D.N.Y. Mar. 28, 2014); McDermott v. City of New York, 50 N.Y.2d 211, 216, 428 N.Y.S.2d 460 (1980) (claims for indemnification do not

---

[2] The law of the forum state governs the interpretation of a contract where, as here, there is no allegation that the law of a different state controls. See Pfizer, Inc. v. Stryker Corp., 348 F.Supp.2d 131, 142, n.63 (S.D.N.Y. 2004).

generally ripen until a judgment in the underlying action is paid).[3] IntelliSec v. Firecom, Inc., No. 00 Civ. 3557, 2001 WL 218940, at *12 (E.D.N.Y. Feb.1, 2001) ("New York law clearly provides that a claim for indemnification or contribution is premature where there has been neither entry of judgment nor payment."). Thus, under an agreement to indemnify against loss, a right to indemnification does not accrue until the indemnified party has satisfied the judgment, i.e., suffered a loss. Madeira v. Affordable Hous. Found., Inc., 323 F. App'x 89, 91 (2d Cir. 2009), citing, McCabe v. Queensboro Farm Prods., Inc., 22 N.Y.2d 204, 208, 292 N.Y.S.2d 400, 402-03 (1968). In contrast, a right to indemnification against liability arises when judgment is entered, although the defendant has not paid the judgment and, thus, suffered no loss. Id.

Likewise, to state a claim for common law indemnification under New York law, the party seeking indemnification must have been "held liable to the injured party." See EZ Tag Corp. v. Casio Am., Inc., 861 F. Supp.2d 181, 185 (S.D.N.Y. 2012); Mathis v. United Homes, LLC, 607 F.Supp.2d 411, 434 (E.D.N.Y. 2009) (valid claim for indemnity requires, at the very least, that the party seeking indemnification was "held liable to the injured party").

Here, pursuant to the Application, the Defendants agreed:

> **To Indemnify** and save the Company harmless from any and all liabilities, loss, costs, charges, suits, damages, counsel fees, and expenses of whatever kind or nature, which it shall or may for any cause, at any time, sustain or incur, or be put to, by reason or in consequence of its having executed said bond.

(Ex. "B" at p.2) (boldface type in original)

However, Plaintiff has failed to assert a legally sufficient claim for indemnification for either liability or loss because it cannot and has not alleged that it has been found liable on the

---

[3] Although not applicable here, New York recognizes an exception to the rule that there is no cause of action for indemnification until payment is made to the claimant, where indemnification is asserted in a third-party action. See Mars Assocs., Inc. v. New York City Educ. Constr. Fund, 126 A.D.2d 178, 191, 513 N.Y.S.2d 125 (1st Dept. 1987).

Bond.  The Complaint contains no allegation that Plaintiff has been found liable on the Bond in connection with the Accounting Proceeding, much less that the amount of liability was fixed by judgment or that such judgment was paid by Plaintiff.  Rather, Plaintiff alleges only that "[a]s a result of receiving citations in the Probate Matter[i.e., the Accounting Proceeding], [it] has incurred unreimbursed costs, expenses, attorneys' fees and/or disbursements to investigate, defend against and otherwise participate in the Probate Matter" (Ex. "A" at ¶19) and that it "expects to incur additional losses, costs and expenses as the result of having issued the Bond, and enforcing the agreements contained in the Application." (Ex. "A" at ¶20) (emphasis provided).  In its First Claim for contractual indemnification, Plaintiff alleges in this regard only that "as a direct result of the Indemnitors' breach of the Application, [it] "has sustained damages, costs and expenses, including counsel fees, and will continue to sustain damages costs and expenses".  Id. at ¶27.

Since the Complaint thus fails to contain the requisite allegations that Plaintiff was found liable under the Bond, the claim for contractual indemnification for liability and/or loss is premature.  See, e.g., Augoustinakis v. United States I.N.S., 693 F.Supp. 1554, 1557 (S.D.N.Y.1988);  Plantronics, Inc. v. United States, 88 CIV. 1892, 1990 WL 3202 at *1 (S.D.N.Y. Jan. 9, 1990) ("the case against the [defendant] is hypothetical and [plaintiff's] damages are speculative until such time as the underlying products liability claims… are decided in state court.  In such a case, where the controversy is not ripe for resolution, the court must dismiss for lack of subject matter jurisdiction.")[4]

---

[4] While Defendant Krant's motion to dismiss the Plaintiff's claim for contractual indemnification is limited to its claims for indemnification for liability and loss, we note that any costs, expenses or attorneys fees sustained by Plaintiff in connection with the Accounting Proceeding are believed to be de minimus.  Plaintiff's participation in the Accounting Proceeding are believed to be limited to the filing of a Notice of Appearance and serving discovery demands.  (See Friedman Declaration at ¶21). Additionally, to the extent that the Complaint alleges that "costs,

There are similarly no allegations of a finding of liability against Plaintiff in support of its Fourth Claim for common law indemnification.  In this regard, Plaintiff merely alleges that the "Indemnitors are primarily obligated under the Bond and otherwise owe a duty to USF&G to procure the discharge of all obligations arising under the Bond" (Ex. "A" at ¶41), and "have failed and refused and continues [sic] to fail and refuse to satisfy their obligations to USF&G arising under the Bond." (Id. at ¶42).

Plaintiff's assertion of conclusory allegations regarding its entitlement to common law indemnification for "any and all losses incurred under the Bond" (Ex. "A" at ¶43) and for "any and all losses that may be incurred by USF&G in the future" (Ex. "A" at ¶45) falls far short of the requisite allegations of a finding of liability against the Plaintiff under the Bond.

### An Adjudication of the Fiduciary's Liability is a Prerequisite to a Finding of the Surety's Liability on an Executor's Bond Under New York Law

Under New York law, there can be no finding of liability against the surety on a fiduciary's surety bond until there is a judgment or decree of liability against the fiduciary.  It has long been established that a fiduciary's liability must first be determined by the Surrogate's Court before a surety's liability under a bond issued to a fiduciary can attach.  See SCPA §809; In re Reid, 94 A.D.3d 1004, 1005-1006, 942 N.Y.S.2d 176, 177-78 (2d Dept. 2012); Matter of Zipser, 270 A.D.2d 279, 280, 704 N.Y.S.2d 277 (2d Dept. 2000); Garvey v. U.S. Fidelity and Guaranty Co., 77 A.D. 391, 395, 79 N.Y.S. 337, 339 (1st Dept. 1902).

New York Surrogate's Court Procedure Act ("SCPA") Section 809 provides two vehicles for the resolution of an issue regarding the surety's liability to pay on a fiduciary bond.  Pursuant to subparagraph (1), the court can permit certain creditors and others to commence an action on

---

expenses and attorney's fees may be incurred by USF&G in the future as a result of having issued the Bond" (Complaint at ¶28), such claims for indemnification are patently premature.

the bond provided that they have a judgment or decree against the fiduciary which remains unsatisfied after the expiration of ten days from entry.  Alternatively, under subparagraph (3), an aggrieved person may seek a summary determination of the surety's liability in the court that issued the decree when the fiduciary has been ordered to make a payment and has failed to do so within ten days of the entry of such order.

In finding that the surety was not liable on its bond until the administratrix's wrongdoing had been judicially established, the Second Circuit, in <u>United States v. Westchester Fire Ins. Co.</u>, 478 F.2d 133, 136-37 (2d Cir. 1973), discussed the predecessor statutes to SCPA 809, which were in effect at the time of the issuance of the bond in that case:

> Behind these specific directives of the Surrogate's Court Act there lay more than a century of history in the state forbidding an action against the surety of an executor or administrator until the latter's liability had been determined. The New York statutes required as early as 1837 that "before any action can be maintained against the sureties, there must be a decree against the executor, a refusal or neglect to perform it, or an execution returned unsatisfied, and an order of the surrogate authorizing the prosecution of the bond.

The Court further noted that a "New York administration surety's obligation is more a guaranty of collection (with conditions precedent to liability of guarantor) than a guaranty of payment" and mandates that "collection be attempted first from the principal and that the principal's responsibility be established before the surety is pursued…" <u>Id.</u> at 137.

As set forth in the accompanying Friedman Declaration, there has been no such judgment of liability against the Defendants in the Accounting Proceeding. Accordingly, the Plaintiff cannot have been found liable on the Bond, and its claims for contractual indemnification for liability and/or loss and common law indemnification, set forth in Claims I and IV, respectively, are premature and should be dismissed for lack of subject matter jurisdiction.

8

**B.   The Second Claim for Specific Performance of Plaintiff's Demand for Collateral Security is not Ripe**

"Surety bonds—like all contracts—are to be construed in accordance with their terms." <u>Walter Concrete Constr. Corp. v. Lederle Labs.</u>, 99 N.Y.2d 603, 605, 758 N.Y.S.2d 260 (2003). To determine the rights and obligations of a surety under a bond, a court looks to standard principles of contract interpretation. As with contracts generally, surety bonds are to be fairly construed so as to effectuate the intent of the parties as expressed by their terms. In interpreting a contract under New York law, "words and phrases should be given their plain meaning, and the contract should be construed so as to give full meaning and effect to all of its provisions." <u>LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.</u>, 424 F.3d 195, 206 (2d Cir. 2005) (internal citation omitted). Where such terms are unambiguous, the interpretation of the surety bond is a question of law. <u>Travelers Cas. & Sur. Co. v. Dormitory Auth. of State of N.Y.</u>, 735 F.Supp.2d 42, 83 (S.D.N.Y. 2010).

In the instant case, the plain, unambiguous terms of the Application contravene Plaintiff's contention that it is entitled to specific performance of its demand for collateral security in the sum of one million dollars. The clause upon which Plaintiff relies provides in pertinent part:

> **If Claim is Made against the Company** on the bond herein applied for, the Company shall have the right to employ its representative to investigate the claim, and to charge all expenses of such investigation to the undersigned. The undersigned agrees, upon demand, to place the Company in funds to meet the claim, including fees and expenses, before the company shall be required to make payment.

Ex. "B" at p.2 (bold in original)

Reading the clause in its entirety, the existence of a <u>claim against the Company on the Bond</u> is an express condition precedent to the Applicant's obligation "to place the Company in funds to <u>meet the claim</u>". (emphasis provided). <u>See e.g.</u>,

<u>Travelers</u>, 735 F.Supp.2d at 74 (where conditions precedent of performance bonds were set forth in "unmistakable language of condition," and as "express conditions," they "must be literally performed"); <u>MHR Capital Partners LP v. Presstek, Inc.</u>, 12 N.Y.3d 640, 645, 884 N.Y.S.2d 211 (2009) (use of terms "if," "unless" and "until" constitute "unmistakable language of condition").

However, Plaintiff relies only on the latter portion of the clause in alleging that: "the Indemnitors agreed, to place USF&G in funds to meet the claim, including fees and expenses, before USF&G shall be required to make payment under the Bond" (Ex. "A" at ¶30). Plaintiff thus improperly ignores the clear condition precedent which requires that a <u>claim</u> against the Company on the Bond precede a demand for collateral security. To construe the foregoing clause in the piecemeal manner suggested by Plaintiff would contravene fundamental principles of contract construction which provide that a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect. <u>Travelers Cas. & Sur. Co.</u>, 735 F. Supp. at 56.

Indeed, Plaintiff has not sufficiently alleged facts from which to infer that a claim was made against the Company on the Bond. Its conclusory allegations in this regard allege only that "[i]n conjunction with the aforesaid [Surrogate's Court] citation, claims have been asserted against USF&G to the effect that it has been called upon to participate in resolving and discharging obligations undertaken by the principals and surety under the bond." (Ex. "A" at ¶18). Plaintiff thus fails to allege that there has been any claim made against the Company on the Bond, which is necessary condition to its assertion of a claim for collateral security under the express terms of the Application. Notably, too, Plaintiff ignores that portion of the Application which in the section designated for "Collateral", the box

10

indicating "No" is checked.

Since the allegations of the Complaint that Plaintiff is entitled to collateral security are contrary to the express terms of the Application, which requires the assertion of a claim against the Company on the Bond prior to making a demand for collateral security, they are not entitled to a favorable presumption by this Court. See Mosdos Chofetz Claim, Inc. v. Village of Wesley Hills, 701 F.Supp.2d 568, 580–81 (S.D.N.Y.2010), quoting, APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) ("jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it'"). As Plaintiff makes nothing more than vague, conclusory allegations of "claims" against it in connection with the Bond in the Accounting Proceeding (Ex. "A" at ¶18), Plaintiff's Second Claim for specific performance of its demand for collateral security is not ripe and should be dismissed.

### C. The Third Claim for Exoneration is not Ripe

It is well settled that: "[E]xoneration is the proper remedy once liability has matured and the principal has defaulted on his debt to the creditor." Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 934 F.2d 30, 32-33 (2d Cir. 1991). As the Second Circuit explained in Chicago Title & Trust Co. v. Fox Theatres Corp., 91 F.2d 907, 910 (2d Cir. 1937): "Before payment a surety may not maintain an action at law against the principal debtor; but in equity the rule is otherwise. Upon maturity of the debt a surety has an equitable right to exoneration from the debt and may call upon the principal to discharge it". (emphasis provided)

Accordingly, to invoke the common law or equitable right of exoneration, a surety must demonstrate that liability against the principal is absolute. Filner v. Shapiro, 633 F.2d 139, 142 (2d Cir. 1980) (exoneration is the equitable right of a surety to compel its principal to pay a debt when it comes due, thereby discharging the surety from its obligations under the surety bond);

Nw. Nat. Ins. Co. of Milwaukee, Wisconsin v. Alberts, 741 F. Supp. 424, 430-31 (S.D.N.Y. 1990), order vacated in part, appeal dismissed in part, 937 F.2d 77 (2d Cir. 1991) ("exoneration is "the right of a surety to compel its principal to pay for debt for which the surety's liability already has matured").

Here, however, the Complaint contains no allegations that a debt has matured giving rise to the Defendant/principal's duty to pay under the Bond, which, in turn, would give the Plaintiff/surety the equitable right to call upon the principal to exonerate it from liability by discharging the debt when it becomes due.  The Complaint is fatally deficient in this regard because it does not and cannot allege that a debt of the Defendant, as principal, to a third party in connection with the Bond has become due, since as discussed above, no such determination has been made in the Accounting Proceeding.  Accordingly, Plaintiff's Third Claim for exoneration is not ripe for adjudication and should be dismissed.

### D.  The Fifth Claim for Quia Timet is not Ripe

Plaintiff's Fifth Claim for quia timet similarly is not justiciable.  "A court of equity 'cannot proceed quia timet in behalf of a creditor against his debtor before the debt is payable, to compel payment or security, in anticipation of a loss from the debtor's embarrassed condition or from his failing circumstances".  Newton v. Otselic Valley Nat. Bank, 224 A.D. 527, 528, 231 N.Y.S. 526, 528 (3d Dept. 1928) (dismissing counterclaim for quia timet).  In the instant case, Plaintiff has not alleged the existence of a debt from the principal or the likelihood that the principal will default on his obligations.  See Borey, 934 F.2d at 32.

In the latter regard, to invoke the doctrine of quia timet, a surety must show reasonable grounds for anticipating that its rights are being jeopardized and that, absent equitable relief, it will incur a liability by the threatened conduct of the principal.  Nw. Nat. Ins. Co. of Milwaukee,

Wisconsin v. Alberts, 741 F. Supp. at 430-31.   However, Plaintiff makes no such factual allegations in its Fifth Claim for quia timet.   The Complaint merely contains conclusory allegations that: Plaintiff "anticipates that it will or may be required to make payments to cure the defaults of the Indemnitors under the Bond and the Application" (Ex. "A" at ¶47); "[t]he continued failure of the Indemnitors to place USF&G with funds equal to the penal sum of the Bond results in USF&G's continuous and increasing risk of loss under the Bond", and; that Plaintiff "fears that unless the relief sought is granted, the Indemnitors may liquidate and otherwise dissipate their assets..." such that they will lack funds to satisfy their obligations on the Bond and under the Application at the conclusion of this litigation.  (Ex. "A" at ¶¶48,49). These conclusory allegations fail to allege a justiciable claim for quia timet and are not entitled to a favorable inference.  See, e.g., Mosdos Chofetz Claim, Inc. v. Village of Wesley Hills, 701 F. Supp.2d at 580–81.  Accordingly, Plaintiff's Fifth Claim should be dismissed.

## POINT II

### ALTERNATIVELY, PLAINTIFF FAILS TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED FOR CONTRACTUAL INDEMNIFICATION FOR LIABILITY AND/OR LOSS, COMMON LAW INDEMNIFICATION, SPECIFIC PERFORMANCE OF ITS DEMAND FOR COLLATERAL SECURITY, EXONERATION AND QUIA TIMET

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of claims when the pleading party has failed "to state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor.  See Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009), quoting, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although the complaint need not provide "detailed factual allegations," id. at 1964, it must "amplify a claim with some factual allegations ... to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading set forth a short and plain statement of the claim showing that the pleader is entitled to relief and sufficient to provide a defendant with fair notice. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160 (1993). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).

In determining a motion to dismiss under Rule 12(b)(6), courts are not limited to the face of the complaint, but may also consider "any written instrument attached to the complaint ...." Yung v. Lee, 432 F.3d 142, 146-47 (2d Cir. 2005); Faulkner v. Verizon Commc'n, Inc., 156 F. Supp.2d 384, 391 (S.D.N.Y. 2001) (consideration of exhibits proper on 12(b)(6) motion). The Court can also consider any statements or documents incorporated in the complaint by reference, and any document that is integral to the complaint because the complaint "relies heavily upon its terms and effect". Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal citations omitted). Accordingly, it is proper for the Court to consider the Application, which is annexed as Exhibit "A" to the Complaint and also annexed as Exhibit "B" to the accompanying Friedman Declaration, in connection with the Rule 12(b)(6) motion, since it is referenced in and integral to the Complaint.

14

### A. **Plaintiff Fails to State Claims for Contractual Indemnification for Liability and/or Loss and Common Law Indemnification**

As discussed in Point I, above, Plaintiff's claims for indemnification for liability and/or loss are deficient under New York law because they fail to allege that there was a finding of liability against the Plaintiff, i.e., the party seeking indemnification, and payment by such party. It is well settled that a claim for indemnification for loss does not accrue until there has been a finding of liability and the indemnified party has made a payment, or actually incurred a loss. See Harris v. Rivera, 921 F. Supp. at 1062; McDermott v. New York, 50 N.Y.2d at 217, 428 N.Y.S.2d at 646. In contrast, a claim does not accrue under an agreement to indemnify against liability, until there has been a finding of liability. See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 179-80 (2d Cir. 2005) ("a claim for indemnity ... requires that an actual liability be sustained by the indemnitee....") (internal citations omitted); Madeira v. Affordable Hous. Found., Inc., 323 F. App'x at 91. Likewise, to state a claim for common law indemnification, the party seeking indemnification must have been held liable to the injured party. EZ Tag Corp. v. Casio Am., Inc., 861 F. Supp.2d at 185.

In light of Plaintiff's failure to allege that there has been a finding of liability against it under the Bond, much less its payment of such liability, its First Claim for contractual indemnification for liability and/or loss should be dismissed for failure to state a claim. Likewise, the absence of allegations that there has been a finding of liability against Plaintiff under the Bond requires the dismissal of its Fourth Claim for common law indemnification for failure to state a claim.

**B.  Plaintiff Fails to State a Claim for Specific Performance of its Demand for Collateral Security**

Where a plaintiff's allegations are contradicted by the documents upon which the complaint is based, the documents are controlling and contrary allegations should not be given weight.  See ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  In construing the language of the Application, it should be noted that surety bonds issued by commercial surety companies are not construed strictly and "a surety is not entitled to any particular tenderness in the interpretation of the language of his contract."  Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc., 188 F.3d 31, 34 (2d Cir. 1999) (internal citation omitted). "[T]he status of a 'favorite of the law' once enjoyed by the surety, at a time when most suretyship obligations were uncompensated, is clearly a thing of the past." United States Fidelity and Guaranty Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 51 (2d Cir. 2004) (internal citation omitted).

In the instant case, the Plaintiff's contention that it is entitled to specific performance of its demand for collateral security is contrary to the express terms of the Application.  The clause upon which Plaintiff relies, requires, as a condition precedent to the assertion of a demand for collateral security, that a claim be made against the Company on the Bond.  The Complaint, however, makes no such allegation.  Rather, it alleges instead that "[i]n conjunction with the aforesaid citation [in the Accounting Proceeding], claims have been asserted against USF&G to the effect that it has been called upon to participate in resolving and discharging obligations undertaken by the principals and surety under the bond." (Ex. "A" at ¶18).  Plaintiff further alleges that "[a]s a result of having received citations in the Probate Matter [i.e, the Accounting Proceeding], [it] has incurred unreimbursed costs, expenses, attorneys' fees and or disbursements to defend against and otherwise participate in the Probate Matter" (Ex. "A" at ¶19) and that it

"expects to incur additional losses, costs and expenses as the result of having issued the Bond and enforcing the agreements contained in the Application". (Ex. "A" at ¶20).

To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Since Plaintiff makes nothing more than vague, conclusory allegations of "claims" against it in connection with the Accounting Proceeding (see Ex. "A" at ¶18), but, notably, fails to allege that a claim has been made against it on the Bond, it fails to state a claim for specific performance of its demand for collateral security. Such allegations of conclusory buzzwords are insufficient notice under even the less rigorous pleading requirements of Federal Rule 8(a)(2). See Ashcroft v. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, quoting, Bell Atl. Corp. v. Twombly, 550 U.S. at 570.  This principle is applicable here, where there is a condition precedent that must be satisfied.  Wright and Miller, 5A Fed. Prac. & Proc. Civ., §1303, Pleading Performance or Occurrence of Conditions Precedent (3d ed. 2012) ("Despite its liberality, Rule 9(c) still obliges the pleader to allege compliance with the contract or the performance of any relevant conditions or to state that the performance or occurrence of the conditions precedent was waived or excused.")

In any event, as discussed in the accompanying Friedman Declaration, Plaintiff's conclusory allegations of claims against it in the Accounting Proceeding are dispelled by a review of the Petition and Objections to Accounting filed therein (Exhibits "D" through "I"), which conclusively demonstrate that there have been no claims asserted against Plaintiff in that Proceeding.

## C. **Plaintiff Fails to State Claims for Exoneration and QuiaTimet**

As discussed in Point I above, the <u>sine qua</u> non for a claim for exoneration and quia timet is the existence of a debt by the principal.  Exoneration is the proper remedy "once liability has matured and the principal has defaulted on his debt to the creditor."  <u>Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania</u>, 934 F.2d 30, 32-33 (2d Cir. 1991).  Similarly, a claim for quia timet will not lie where there is no allegation of a payable debt, which is to become due.  <u>See</u> <u>Newton v. Otselic Valley Nat. Bank</u>, 224 A.D. 527, 528, 231 N.Y.S. 526, 528 (3d Dept. 1928) (dismissing counterclaim for quia timet where defendant failed to allege the existence of a payable debt).

Plaintiff's failure to allege the existence of a debt by the Defendant is fatal to these equitable claims.  Plaintiff's claim for quia timet is also deficient because it consists solely of conclusory allegations regarding Plaintiff's anticipation "that it will or may be required to make payments to cure the defaults of the Indemnitors under the Bond and the Application".  (Ex. "A" at ¶¶47-49).  The Complaint contains no factual allegations of reasonable grounds for Plaintiff's contention that its rights are being jeopardized and that it will incur a liability by the threatened conduct of the principal, as required to support a claim for quia timet.  <u>Cf.</u> <u>Nw. Nat. Ins. Co. of Milwaukee, Wisconsin v. Alberts</u>, 741 F. Supp. at 430-31.  Such conclusory allegations are not entitled to any weight.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. at 555, 127 S.Ct. at 1964-65.  Additionally, to the extent that Plaintiff alleges that the Defendants' failure to provide it with funds equal to the penal sum of the Bond results in Plaintiff's "continuous and increasing loss under the Bond" (Ex. "A" at ¶48), as discussed in Point I, <u>supra</u>, Plaintiff's demand for such funds is premature, since there are no allegations that a claim has been made against the Plaintiff on the Bond.

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the instant motion to dismiss Plaintiff's Complaint should be granted in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated: White Plains, New York
       June 24, 2014

KURZMAN EISENBERG CORBIN& LEVER, LLP

By:_____
       Michael H. Friedman, Esq. (MHF- 2425)
       Attorneys for Defendant,
       Howard S. Krant
       One North Broadway
       White Plains, NY 10601
       Tel. No. (914) 285-9800
       mfriedman@kelaw.com

H:\39200\0000\00245152.DOC