UNITED STATES OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
UNITED STATES FIDELITY AND                                          :
GUARANTY COMPANY,                                                   :
                                                                    :
                              Plaintiff,            :   No. 14 Civ. 2855 (GBD)(KNF)
                                                                    :
          -against-                                              :
                                                                    :
ROBERT A. PERRO and HOWARD S. KRANT,                                :
                                                                    :
                            Defendants.           :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROBERT A. PERRO'S MOTION TO DISMISS THE COMPLAINT

SATTERLEE STEPHENS BURKE & BURKE LLP

Daniel G. Gurfein
Charles J. Keeley
230 Park Avenue, 11th Floor
New York, NY 10169
 (212) 828-9200

*Counsel for Defendant Robert A. Perro*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................ii-iii

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ...........................................................................................................................2

ARGUMENT .................................................................................................................................4

      I.      The Claims Seeking Security on the Bond Should Be Dismissed ..........................4

            a.      USF&G Has No Right To Demand Security Because No Claim
                  Has Been Made on the Bond ......................................................................4

            b.      The Exoneration Claim Fails Because There is No Debt Presently
                  Due or for which Defendants Are Liable ...................................................6

            c.      The Quia Timet Claim Fails to Allege Any Reasonable Basis to
                  Believe that Any Element of the Claim Exists ...........................................6

      II.     The Indemnification Claims Fail Because USF&G Has Not Made Any
            Payment on the Bond or Incurred Costs to Defend Any Claim on the Bond ..........7

            a.      No Common Law Indemnification ............................................................7

            b.      No Contractual Indemnification .................................................................8

      III.    The Non-Payment of Premiums Claim is Insufficiently Pleaded ............................9

CONCLUSION ............................................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Alside, Inc. v. Spancrete Northeast, Inc.,
   84 A.D.2d 616 (3d Dep't 1981) ..................................................................................7, 8

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ..............................................................................................................6

Bay Ridge Air Rights v. State of New York,
   44 N.Y.2d 49 (NY 1978) .....................................................................................................7

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ..............................................................................................................6

Borey v. National Union Fire Ins. Co. of Pittsburgh, Pa.,
   934 F.2d 30 (2d Cir. 1990) ...................................................................................................6

Chapel v. Mitchell,
   84 N.Y.2d 345 (NY 1994) ...................................................................................................8

Childs v. National Surety Co.,
   211 A.D. 767, 208 N.Y.S. 108 (1st Dep't 1925) ..................................................................3

English v. Fed. Nat. Mortgage Ass'n, CIV.A. 13-2028 CCC, 2013 WL 6188572 (D.N.J.
   Nov. 26, 2013) .....................................................................................................................7

Hooper Assocs., ltd. v. AGS Computers, Inc.,
   74 N.Y.2d 487 (NY 1989) ................................................................................................8, 9

In re Gas Reclamation, Inc. Sec. Litig.,
   741 F. Supp. 1094 (S.D.N.Y. 1990) .....................................................................................6

In re Knox, 96 A.D.3d 1652, 946 N.Y.S. 2d 817 (4th Dep't. 2012) ..............................................3

In re Manley,
   162 A.D.2d 895 (3d Dep't 1990) .........................................................................................5

In re Reid,
   94 A.D. 3d 1004 (2d Dep't 2012) ........................................................................................4

Mars. Assocs., inc. v. New York City Educ. Constr. Fund,
   126 A.D.2d 178 (1st Dep't 1987) ........................................................................................8

Matter of Goldstick,
   177 A.D.2d 225, 581 N.Y.S.2d 165 (1st Dep't 1992) .........................................................3

<u>Matter of Witherhill</u>,
    37 A.D.3d 379, 828 N.Y.S.2d 722 (3d Dep't 2007) ................................................................3

<u>Nanz v Oakley</u>,
    120 N.Y. 84 (1890) ................................................................................................................3

**STATUTES**

New York Civil Practice Law and Rules § 213 ............................................................................9

New York Surrogate's Court Procedure Act § 103(43) ..................................................................5

New York Surrogate's Court Procedure Act § 305 ........................................................................5

New York Surrogate's Court Procedure Act § 306 ........................................................................5

New York Surrogate's Court Procedure Act § 809 .................................................................... 4-5

New York Surrogate's Court Procedure Act § 2210(2) ..................................................................5

Defendant Robert A. Perro ("Perro"), by and through his undersigned counsel, respectfully submits this memorandum of law in support of his motion to dismiss the Complaint [Doc. No. 2], pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **PRELIMINARY STATEMENT**

The claims by United Stated Fidelity & Guaranty Co. ("USF&G") seeking security and indemnification on a fiduciary bond (the first through fifth causes of action) are without basis and premature because no claim has been asserted on the bond. USF&G issued the bond on behalf of Defendants in connection with their appointment by the New York Surrogate's Court as preliminary co-executors for an estate. An Accounting Proceeding is currently pending in Surrogate's Court, and, although certain beneficiaries allege that the estate has been maladministered, there has been no adjudication of such allegations and no determination of liability against either Defendant that would permit a claim to be made against USF&G on the bond. Under the plain terms of the bond, because no claim has been made against USF&G on the bond, USF&G is not entitled to demand security from the Defendants. USF&G's claims for indemnification similarly are premature and not permitted under New York law. Accordingly, the first through fifth causes of action should be dismissed.

The sixth cause of action, breach of contract for failure to pay premiums on the bond, fails to satisfy even a notice pleading standard because it does not allege what years the annual premium was not paid or the amounts that are owed. Furthermore, to the extent USF&G seeks premium payments for years before 2008, the claim is barred by New York's six-year Statute of Limitations.

1

## BACKGROUND[1]

In 2001, the New York Surrogate's Court, Bronx County, appointed defendants Robert A. Perro and Howard S. Krant as preliminary co-executors of the estate of Nellie G. Fishman and required that they post a surety bond in the sum of $1 million. (Compl. ¶¶ 6-9.)  On August 6, 2001, USF&G, as surety, issued a Preliminary Co-Executor Bond (the "Bond") on behalf of Perro and Krant, as principals. (Compl. ¶ 10.)  Perro and Krant executed and delivered a New York Court – Fiduciary – Judicial Proceeding Bond Report Form – Application (the "Bond Application"), a copy of which is attached to the Complaint as Exhibit A.

The Bond Application gives USF&G the right to demand that Defendants provide security to USF&G only if a claim is made against USF&G on the Bond.  Thus, the Bond Application provides that, "*If Claim is Made against the Company* [i.e., USF&G] *on the bond*," then Defendants "agree[], upon demand, to place the Company in funds *to meet the claim*, including fees and expenses, before the Company shall be required to make payment."  (Compl. Ex. A (emphasis added).)  The Bond Application also contains an indemnification clause providing for Defendants "[t]o indemnify and save the Company harmless from any and all liabilities, loss, costs, charges, suits, damages, counsel fees, and expenses of whatever kind or nature, which it shall or may, for any cause, at any time, sustain or incur, or be put to, *by reason or in consequence of its having executed said bond*." (Id. (emphasis added).)  Since no claim has been made on the Bond, USF&G has not incurred expenses as result of having issued it.

By order dated April 28, 2011, the Surrogate's Court ordered Perro and Krant to account. (Compl. ¶ 15.)  The beneficiaries of the estate filed objections to the account and

---

[1] The following facts are alleged or otherwise incorporated in the Complaint or are matters of public record in the Surrogate's Court proceedings of which this Court may take judicial notice.

alleged that funds have been misappropriated. (Compl. ¶ 16.)[2] Perro subsequently filed a separate account and petition for judicial settlement of that account. The Surrogate's Court issued citations (the "Citations") to interested parties, including USF&G, giving them notice of the petitions for judicial settlement. (Compl. ¶ 16.) Copies of the Citations are annexed as Exhibits A and B to the Declaration of Charles J. Keeley ("Keeley Declaration"), submitted herewith.

    Interested parties, including USF&G, have agreed to mediate on August 5, 2014, all disputes related to Perro's and Krant's accounts and have agreed that final objections to the accounts shall be filed by 90 days from the termination date of the mediation. A copy of the proposed "So Ordered Stipulation" (submitted to the Surrogate's Court on June 11, 2014, but not yet signed by the Court) is annexed as Exhibit C to the Keeley Declaration.

    USF&G commenced this lawsuit on April 22, 2014, and has refused to adjourn these proceedings pending the results of the mediation. The Complaint asserts (1) claims for security on the Bond under theories of specific performance (second cause of action), exoneration (third cause of action) and quia timet (fifth cause action); (2) claims seeking indemnification under contract (first cause of action) and common law (fourth cause of action); and (3) a claim for non-payment of premiums on the Bond (sixth cause of action). Each claim should be dismissed.

---

[2] The beneficiaries object to distributions allegedly caused by Krant's negligence, self dealing and failure to safeguard the estate's assets, but nevertheless also seek to hold Perro liable for surcharge. While not necessary for purposes of deciding this motion, Perro has meritorious defenses to liability as an innocent co-fiduciary under New York law, both as to potential surcharge claims and to USF&G's claims herein. See, e.g., Matter of Witherhill, 37 A.D.3d 379, 828 N.Y.S.2d 722 (3d Dep't 2007), Matter of Goldstick, 177 A.D.2d 225, 581 N.Y.S.2d 165 (1st Dep't 1992), Nanz v Oakley, 120 N.Y. 84 (1890), Childs v. National Surety Co., 211 A.D. 767, 208 N.Y.S. 108 (1st Dep't 1925), In re Knox, 96 A.D.3d 1652, 946 N.Y.S. 2d 817 (4th Dep't. 2012).

**ARGUMENT**

I. **The Claims Seeking Security on the Bond Should Be Dismissed**

   a. *USF&G Has No Right To Demand Security Because No Claim Has Been Made on the Bond*

USF&G's second cause of action seeks specific performance of the Bond Application "to enforce USF&G's demand for collateral security." Under the terms of the Bond Application, however, USF&G has no right to demand security until a claim has been made against USF&G on the Bond, and no such claim has yet been made. Accordingly, this cause of action should be dismissed.

The Bond Application permits USF&G to demand security only "if [a] Claim is Made against the Company on the bond." (Bond Application, Compl. Ex. A.) In that event, Defendants would be required, upon demand from USF&G, to place USF&G "in funds to meet the claim." (Id.)

Under New York Law, a claim on a fiduciary's bond can only be made if the Surrogate's Court grants leave upon motion after notice to the surety. N.Y Surrogate's Court Procedure Act (SCPA) § 809. Furthermore, the claim can only be made by a person who has "a judgment or decree against the fiduciary which remains unsatisfied after the expiration of 10 days from the date of entry," or "by any aggrieved person, for the recovery of money or property received by the fiduciary and not duly administered by him or for an injury to the estate caused by his action or omission." Id.; see also In re Reid, 94 A.D. 3d 1004, 1005-06 (2d Dep't 2012) ("A fiduciary's liability must first be determined by the Surrogate's Court before a surety's liability under the bond can attach").

Here, no one has moved the Surrogate's Court for leave to bring any claim on the Bond pursuant to SCPA § 809. Such a motion could not be granted because there has been no

4

judgment entered against the Defendants or any determination that they should be held liable for any estate property received but not duly administered by them.  As USF&G concedes, all that has occurred is that certain beneficiaries of the estate have filed objections to an account filed by Krant and have alleged that funds have been misappropriated.[3]  Compl. ¶ 16.  Thus, no claim can or has been made on the Bond.

The Citations are not claims against USF&G on the Bond.  Rather, the Citations are process that was served on all interested parties in the Fishman estate to give them notice that Perro and Krant were seeking judicial settlement of their accounts.  <u>See generally</u> SCPA §§ 103(43); 306.  USF&G was required to be served with the Citations.  <u>See</u> SCPA § 2210(2) (requiring that service of process for a judicial settlement of a fiduciary account be made on, inter alia, "[t]he surety on his bond").  But an interested party served with a citation is under no legal obligation to appear in the proceedings, rather "non-appearance means only that the person served does not contest the relief being sought," Siegel, Torano & Connors, <u>Practice Commentaries</u>, McKinney's Cons. Laws of N.Y., SCPA § 305, and the Citations here clearly advised recipients that they are under no obligation to appear.  Keeley Decl. Exs. A, B.  The Citations gave notice of the relief being sought in Defendants' petitions and do not state that any relief is being sought with respect to the Bond or against USF&G.  <u>See</u> <u>In re Manley</u>, 162 A.D.2d 895 (3d Dep't 1990) (Surrogate's Court has no power to grant relief beyond what is stated in the citation).  At this stage, as discussed, such a claim would be premature under SCPA § 809.

Because no claim has been asserted against USF&G on the Bond, USF&G is not entitled to security from Defendants.  Accordingly, USF&G's cause of action for specific performance of its demand for security (second cause of action) should be dismissed.

---

[3] Krant has also filed an objection to the account filed by Perro.

### b. The Exoneration Claim Fails Because There is No Debt Presently Due or for which Defendants Are Liable

USF&G's claim for exoneration (third cause of action) fails because, to state a claim for exoneration, a surety must allege "that the debt is presently due . . ., that the principal is . . .liable for the debt, and, that absent equitable relief, the surety will be prejudiced because it will be forced to advance the money to the creditor." Borey v. National Union Fire Ins. Co. of Pittsburgh, Pa., 934 F.2d 30, 33 (2d Cir. 1990). Here, there is no debt presently due for which USF&G will be forced to advance money to pay or for which the Defendants are liable. Therefore, USF&G's claim for exoneration should be dismissed.

### c. The Quia Timet Claim Fails to Allege Any Reasonable Basis to Believe that Any Element Of The Claim Exists

To state a claim for quia timet, a plaintiff must allege "that the debt . . . will come due, that the principal . . . will be liable for the debt, and, that absent equitable relief, the surety will be prejudiced because it will be forced to advance the money to the creditor." Borey, 934 F.2d at 33. USF&G's quia timet claim is supported by only a bare recital of the legal elements of the claim, without any factual allegations to make it plausible and legally sufficient. Accordingly, this claim should be dismissed.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, Plaintiff has merely recited the elements of the claim, but has made no allegations of fact to support that each of the requisite elements is present. There are no sufficient allegations that, absent equitable relief, the surety will be forced to advance money, as USFG has failed to plead

facts showing that it has "reasonable grounds to believe that its principle will not perform his obligations." In re Gas Reclamation, Inc. Sec. Litig., 741 F. Supp. 1094, 1104 (S.D.N.Y. 1990).

The Complaint does not contain a single factual allegation to support any inference that USF&G has reasonable grounds to believe that Mr. Perro would not perform his obligations if he is found liable in the Fishman estate proceedings. The Complaint merely alleges, in conclusory fashion, that USF&G "fears that unless the relief sought is granted, the [Defendants] may liquidate or otherwise dissipate their assets thereby insuring [sic] that funds that ought to be applied to satisfy the obligations under the Bonds and the [Defendants'] obligations under the Application will not be available at the conclusion of this litigation." Compl. ¶ 49. The bare allegation that USF&G has such a "fear" is not enough to state a claim for quia timet relief. The fear must be reasonable, and there must be facts alleged to support the reasonableness of such fear. Because the Complaint alleges no such facts, USF&G's claim for quia timet (fifth cause of action) should be dismissed. English v. Fed. Nat. Mortgage Ass'n, CIV.A. 13-2028 CCC, 2013 WL 6188572 (D.N.J. Nov. 26, 2013) (dismissing quia timet claim where complaint "present[ed] legal conclusions" but "provide[d] no factual support").

## II. The Indemnification Claims Fail Because USF&G Has Not Made Any Payment on the Bond or Incurred Costs to Defend Any Claim on the Bond

### a. No Common Law Indemnification

USF&G's claim for common law indemnification (fourth cause of action, which merely repeats allegations identical to the third cause of action) fails because USF&G has made no payment on the Bond and has incurred no costs to defend a claim on the Bond for which USF&G may be entitled to indemnification.

Under New York law, "a cause of action for indemnity accrues on the date payment is made by the party seeking indemnity." Alside, Inc. v. Spancrete Northeast, Inc., 84

A.D.2d 616 (3d Dep't 1981) (citing <u>Bay Ridge Air Rights v. State of New York</u>, 44 N.Y.2d 49, 54 (NY 1978)). An action for indemnification brought before any payment is made should be dismissed as premature. <u>Id.</u>; <u>see also</u> <u>Mars. Assocs., inc. v. New York City Educ. Constr. Fund</u>, 126 A.D.2d 178 (1st Dep't 1987). Here, USF&G has made no payment on the Bond.

USF&G also seeks common law indemnification for attorney's fees and costs that it has incurred in connection with the Citations and, apparently, in bringing this lawsuit. (Compl. ¶¶ 19-20.) Under New York law, the common law right of indemnification can encompass attorney's fees and costs, *but only* those which are "incurred in connection with defending [a] suit brought by [an] injured [third] party" against the indemnified party. <u>Chapel v. Mitchell</u>, 84 N.Y.2d 345 (NY 1994). The right does not encompass attorney's fees and costs that are merely "incidental to another action," for example the indemnified party's costs in pursuing indemnification. <u>Id.</u> As discussed above, USF&G is not defending any claim by a third party on the Bond and therefore has incurred no attorneys' fees or costs for which it may be entitled to seek indemnification from the Defendants. To the extent USF&G has incurred attorney's fees and costs in connection with Defendants petitions' for judicial settlement of their accounts, despite being under no obligation to appear in response to those petitions, or in filing the instant lawsuit, such fees and costs are merely incidental and not encompassed within the common law right of indemnification.

Accordingly, USF&G's claim for common law indemnification should be dismissed.

   b.  *No Contractual Indemnification*

USF&G's contractual indemnification claim (first cause of action) fails for a similar reason. Under New York law, a contract that provides indemnification for attorney's fees

8

is interpreted narrowly to cover only attorney's fees in actions brought by a third party against the indemnified party, and not attorneys fees incurred in an action between the parties to the contract, unless it is "unmistakably clear" from the language of the contract. Hooper Assocs., ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 491-92 (NY 1989). Here, the indemnification clause in the Bond Application covers indemnification for counsel fees by reason or in consequence of having executed the Bond, but it "does not contain language clearly permitting plaintiff to recover from defendant the attorney's fees incurred in a suit against defendants." Id. at 492. Thus, any attorney's fees incurred by USF&G relating to the Defendant's petitions for judicial settlement of their accounts or this lawsuit are not covered. Furthermore, because no action has been brought by a third party against USF&G on the Bond, USF&G has not incurred any fees or costs "by reason or in consequence of having executed [the] [B]ond" that may be covered under the Bond Application.

Accordingly, USF&G's claim for contractual indemnification should be dismissed.

## III.  The Non-Payment of Premiums Claim is Insufficiently Pleaded

USF&G's sixth and final cause of action, for breach of contract based on non-payment of premiums on the Bond, should be dismissed because it fails to satisfy even notice pleading standards. The sole allegation in the Complaint to support this claim is the conclusory assertion that Defendants "failed to pay the bond premium due to USFGC under the [Bond] Application." (Compl. ¶ 52.) The Complaint fails to allege for what years the bond premium was not paid or state what amounts are due and outstanding. USF&G also failed to demand payment of any outstanding premiums in its February 21, 2014 demand letter, referenced at paragraph 21 of the Complaint. Defendants therefore are without adequate notice of the claim to

consider whether grounds exist to seek dismissal.  For example, to the extent USF&G seeks premium payments due more than six years before the date this lawsuit was commenced, such claim would be barred by the six-year Statute of Limitations for actions on a bond under New York law.  See CPLR § 213.  Because the non-payment of premium claim as pleaded does not give Defendants notice so that they can consider whether to move to dismiss on this or other grounds, the Court should dismiss the claim as inadequately pleaded under Rule 8 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint.[4]

Dated:  New York, New York
        June 30, 2014

>                                SATTERLEE STEPHENS BURKE & BURKE LLP
>
>                                */s/ Daniel G. Gurfein*
>                                Daniel G. Gurfein
>                                Charles J. Keeley
>                                230 Park Avenue, 11th Floor
>                                New York, NY 10169
>                                (212) 828-9200
>
>                                *Counsel for Plaintiff Robert A. Perro*

---

[4] Perro also joins in the legal arguments made in the *Memorandum of Law in Support of Motion to Dismiss of Defendant Howard S. Krant*, filed on June 24, 2014 [Doc. No. 12].